SARAH A. HOLMES v. EGBERT RICE AND BURR DAYTON.

*Infant's incapacity to contract no defence for third persons.*

The statutory recognition of an infant's incapacity to make a contract is for the infant's protection and cannot be pleaded by a stranger, and especially by a wrong-doer, to protect himself.

An infant's contract is not void but is merely voidable, and may be avoided or ratified by the infant at his option; it is valid as to third parties who are strangers to it and do not claim under either party.

Error to Ingham.    Submitted Nov. 10.    Decided Jan. 5.

TROVER by Sarah A. Holmes, against Rice and Dayton for the conversion ' of a fanning mill.    Defendants pleaded in justification a judgment in favor of Rice against Lorenzo Holmes, the plaintiff's husband, and a seizure of the property by Dayton, as constable, to satisfy the execution.    Plaintiff showed that the mill belonged to her minor daughter, Ella M. Parks, whose guardian she was, and who had executed to her a bill of sale of it, before suit was brought, and had also assigned her right of action.    The bill of sale and assignment were excluded from evidence on objection that being an infant and under plaintiff's guardianship she could not convey a title upon which action could be maintained. Plaintiff brings error.    Reversed.

*M. V. & R. A. Montgomery* for plaintiff in error.

*J. C. Shields* and *M. M. Atwood* for defendants in error.

MARSTON, C. J.    The law in recognizing the incapacity of infants to enter into certain contracts and declaring such contracts voidable does so for the infant's protection.    Their contracts are not void but voidable, and it is for the infant to avoid the contract or ratify it, and not within the power of a stranger—certainly not of a wrong-doer—to set up the infant's incapacity to contract as a protection to himself. The contract, though voidable at the option of the infant, is

valid as to third parties who are strangers to both parties to the contract, and not claiming under either.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.